UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDSEL FORD BENDER,

    Plaintiff,

v.

MR. PHILIP E. RODGERS, JR.,
13th Circuit Court Judge
for Grand Traverse County,

    Defendant.
                                  /

Case No. 1:07-CV-21

HON. GORDON J. QUIST

## OPINION

Plaintiff, Edsel Ford Bender ("Bender"), has filed a complaint against Defendant, Philip E. Rodgers, Jr., a judge for Grand Traverse County Circuit Court, alleging a violation of his right to due process under the Fourteenth Amendment. Bender alleges that he was charged with and convicted of criminal sexual conduct 3d degree, in violation of M.C.L.A. § 750.520d(1)(c)(A). He states that although he attempted to withdraw his plea prior to sentencing, Judge Rodgers refused to allow him to do so. Judge Rodgers sentenced Bender to a term of 40 to 60 months in prison. Bender states that he was discharged from prison on September 6, 2004, and is subject to the Michigan Sex Offender Registration Act. Bender alleges that his "incarceration was wrongful and unconstitutional" and he states that his issue is as follows: "Whether [Plaintiff's] right to due process of law has been violated where the state has presented no evidence of the criminal offense, divesting the court of subject matter jurisdiction to proceed. (42 USCA 1983)". For relief, Bender requests that the Court declare his conviction to be null and void and that he be awarded $4.5 million in damages.

On January 11, 2006, the magistrate judge issued an order granting Bender leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to dismiss any action

brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999) (holding that "§ 1915(e)(2) applies only to in forma pauperis proceedings"). The Court must read Bender's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept his allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). For the reasons set forth below, the Court concludes that Bender's complaint must be dismissed as required by § 1915(e)(2).

An action may be dismissed if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). All factual allegations in the complaint must be presumed to be true, and reasonable inferences must be made in favor of the non-moving party. 2 Moore's Federal Practice, ¶ 12.34[1][b] (Matthew Bender 3d ed. 2003). The Court need not, however, accept unwarranted factual inferences. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Dismissal is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957)).

First, Bender's complaint must be dismissed because Judge Rodgers is entitled to judicial immunity. Bender's allegations show that Judge Rodgers sentenced Bender and, at all times, was acting within his judicial capacity. Judicial immunity provides immunity to judges for all acts taken in their judicial capacities in § 1983 actions. *Stump v. Sparkman*, 435 U.S. 349, 355-56, 98 S. Ct. 1099, 1104 (1978). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 288 (1991) (per curiam) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 2815 (1985)). Judicial immunity is

2

lost only where the judge's acts are non-judicial in nature or where the acts, even if judicial in nature, are taken "'in the complete absence of all jurisdiction.'" *Mann v. Conlin*, 22 F.3d 100, 103 (6th Cir. 1994) (quoting *Mireles*, 502 U.S. at 12, 112 S. Ct. at 288)). Bender has not alleged in his complaint any act by Judge Rodgers in any capacity other than as a judge. Although Bender contends that the alleged lack of evidence divested Judge Rodgers of jurisdiction, he is wrong, because the state court nonetheless had jurisdiction over the state criminal proceeding.

Second, to the extent that Bender seeks injunctive, declaratory, and monetary relief for alleged violations of Constitutional rights, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994). In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87, 114 S. Ct. at 2372. The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards v. Balisok*, 520 U.S. 641, 646-48, 117 S. Ct. 1584, 1588-89 (1997) (declaratory relief); *Clarke v. Stadler*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive). Bender alleges that his conviction was invalid. His allegations thus clearly call into question the validity of his conviction. Therefore, the Court will dismiss Bender's complaint.

An Order Consistent with this Opinion will be entered.

Dated: January 18, 2007                              /s/ Gordon J. Quist
                                                     GORDON J. QUIST
                                                     UNITED STATES DISTRICT JUDGE

3